# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD THOMAS, | CV F   03 5467 REC SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 23.) |
| TERHUNE, et. al., | |
| Defendants. | |

Edward Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On September 24, 2003, the Court dismissed Plaintiff's Complaint with leave to amend detailing numerous deficiencies in the Complaint. On September 24, 2004, Plaintiff filed an Amended Complaint which is pending before the Court.

**A. SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff is currently incarcerated at Corcoran State Prison. The events at issue took place while Plaintiff was confined at Salinas Valley State Prison in Soledad, California. Plaintiff names Director C.A. Terhune, Chief Deputy Director Steven Cambra, Gilbert Robles, Chief Deputy Warden (Acting), Correctional Counselor II Ellen Ramirez, Mail Room Supervisor T. Sepulveda, Chief Inmate Appeals Coordinator Linda Rianda, Chief Inmate Appeals Coordinator N. Grannis, John H. Sugiyama, Edward S. Alameida Jr. And D. Fulks as Defendants. The Amended Complaint seeks monetary damages and return of lost property and legal documents.

Plaintiff alleges that his "confidential legal mail" was opened and inspected outside of his presence and without his consent in May or June of 2000. Plaintiff further alleges that numerous "photographs" pertaining to his criminal appeal and other documents were removed and not returned to him and that two of the Defendants failed to conduct an investigation into his allegations.

**C. CLAIMS FOR RELIEF**

*1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the

> Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

In the Court's previous Order dismissing with leave to amend issued in September of 2003, the Court informed Plaintiff that he failed to link some of the Defendants to an act or omission giving rise to the constitutional violation. In the Amended Complaint, the linkage requirement with respect to all of the named Defendants is lacking. Plaintiff lists each individual Defendant but only provides the capacity in which they work at the institution. He does not state with any specificity what each individual did on a particular date that rose to the level of a constitutional violation. For example, Plaintiff lists C.A. Terhune but all he says is that Defendant Terhune was a supervisor responsible for the custody and care of the prisoners. Although Plaintiff alleges generally that his mail was opened, he fails to state who opened it and on what day. As Plaintiff fails to adequately "link" any Defendant to an act or omission giving rise to the alleged constitutional violation, his Complaint fails to state a claim for relief. Even were Plaintiff to link the Defendants to the actions giving rise to the claims for relief stated below, the claims are not cognizable in a civil rights action would therefore, require dismissal.

### 2. Legal Mail

The core of Plaintiff's allegation in the Amended Complaint is that his mail was opened and inspected outside of his presence. Plaintiff states that it was "legal mail" because it

contained legal documents.  However, Plaintiff wholly disregards the Court's prior order informing him that a box of legal documents from an investigator does not constitute "legal mail" entitled to the protections of the Constitution.  The Supreme Court has held that prison officials may open mail which is clearly marked "legal mail" and inspect it for contraband if the mail is opened in the presence of the inmate.  Wolff v. McDonnell, 418 U.S. 539, 577, 94 S.Ct. 2963 (1974.)   However, the documentation attached to the Complaint shows that the box was not *marked* legal mail.  Moreover, Plaintiff concedes that the box was from a private investigator and not his attorney.  The Ninth Circuit has held that mail to a plaintiff from a court is not "legal mail" and can be opened and inspected outside the prisoner's presence.  Kennan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996.)  It follows that mail from a private investigator does not constitute "legal mail" within the protections of the constitution regardless of the contents.  As such, Plaintiff does not state a cognizable claim for relief with respect to the inspection of his mail.

### *3. Deprivation of Property*

Plaintiff was also given the law on the allegation of a deprivation of property.   Although the Court could not determine from the original Complaint whether the alleged deprivation was authorized or unauthorized, it is clear from the Amended Complaint that Plaintiff is alleging an unauthorized deprivation of property as he contends that the removal was "without permission, authorization, consent . . ." (Amended Complaint at 6.)

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).

As noted above, the deprivation of property alleged in the Complaint was unauthorized. Moreover, there is a meaningful postdeprivation process available to remedy the loss as is evidenced by Plaintiff's inmate appeals. Accordingly, based on the facts alleged in the Complaint, Plaintiff fails to state a cognizable claim for relief.

### 4. *Supervisory Liability*

Plaintiff was also provided the law with respect to Supervisory Liability so that he could cure the defects outlined in the Court's prior Order.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Here, as in the case before, Plaintiff does not allege any that Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff's allegations with respect to those Defendants with supervisorial status is simply that they are supervisors and were employed at the institution on the date of the incident. This, however, is insufficient to state a cognizable claim for relief.

Even assuming that Plaintiff was able to state a cognizable supervisory claim for relief, because his allegations of deprivation of property and legal mail inspection do not state cognizable claims for relief. Thus, Plaintiff cannot hold supervisors liable for actions that do not rise to the level of a constitutional violation.

### 5. Inmate Appeals

There is no constitutional right to an inmate appeals process. The Ninth Circuit has held that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). A failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

Here, Plaintiff complains that Defendant's Rianda and Grannis failed to conduct an thorough investigation and interviews of the inspection of the box of legal documents. However, Plaintiff does not have a protected liberty interest in having his grievances investigated at the level of thoroughness that he desires; thus, he cannot assert a due process claim as to such failures.[1] Under the applicable standard set forth in Sandin, the failure to conduct an extensive investigation into Plaintiff's charges does not impose an "atypical and significant hardship" upon

---

[1] Plaintiff does have the right to appeal determinations with respect to a grievance and from the Amended Complaint, it appears that he did.

1  Plaintiff sufficient to create a protected liberty interest.  Accordingly, Plaintiff fails to state a
2  claim for relief against Defendants Rianda and Grannis.
3  **D. CONCLUSION AND RECOMMENDATION**
4         Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief
5  under section 1983.  Further, the Court finds that the deficiencies outlined above are not capable
6  of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C.
7  § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).  Accordingly, the
8  Court RECOMMENDS that this action be dismissed in its entirety.
9         It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
10 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
11 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
12 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
13 of this Report and Recommendation, any party may file written objections with the Court and
14 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
15 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
16 within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
17 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
18       The parties are advised that failure to file objections within the specified time may waive
19 the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
20 1991).
21 IT IS SO ORDERED.
22 **Dated:   March 8, 2006**                    **/s/ Sandra M. Snyder**
   icido3                                       UNITED STATES MAGISTRATE JUDGE
23
24
25
26
27
28